UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL A. BURNHART,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT MASKO,<br><br>    Defendant, | Case No. C07-5045FDB/JKA<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR**:<br>**July 11, 2008** |

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff has been granted *in form pauperis* status (Dkt # 3).  Defendant Masko moves for summary judgment based on failure to exhaust administrative remedies, the affirmative defense of qualified immunity, and lack of personal participation in the only claim defendant believe to be exhausted (Dkt # 24).  Plaintiff did not respond to the motion and instead moved for additional time to conduct discovery (Dkt # 33).  Plaintiff's motion has been denied.

## FACTS

    Plaintiff alleges that while he was incarcerated at the Pierce County Jail on criminal charges his telephone conversations were illegally intercepted and delivered to the prosecuting attorney in his criminal trial.  He also alleges he was denied access to certain legal material he needed for his criminal defense.  Plaintiff

refused appointment of counsel and was representing himself.

Defendant Masko and the Prosecuting Attorney's Office deny any telephone calls were recorded or delivered to the prosecutor (Dkt # 25 and 28). The defendant asks for summary judgment on all claims based on plaintiff's failure to exhaust administrative remedies, qualified immunity, and failure to show any duty or right owed the plaintiff has been violated by any action taken by defendant Masko (Dkt. # 24).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630 (relying on Anderson, *supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

REPORT AND RECOMMENDATION
Page - 2

DISCUSSION

A. <u>Failure to exhaust administrative remedies</u>.

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" <u>Porter v. Nussle</u>, 534 U.S. 516 (2002) (quoting <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)). The <u>Porter</u> Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." <u>Porter</u>, 534 U.S. at 520.

Plaintiff did not pursue his claim regarding telephone calls being monitored, intercepted, or recorded, in any grievance. Plaintiff has only exhausted one grievance regarding access to legal materials. In that instance plaintiff was sent the wrong material, and when he filed a grievance he was informed he needed to be clear as to what material he was seeking (Dkt # 26, affidavit of Pam Lacipierre). Plaintiff fails to show defendant Masko played any role in deciding what legal material to send to plaintiff.

The only exhausted issue in this action is the grievance regarding what legal material was sent in November of 2004 (Dkt. # 26, affidavit of Pam Lacipierre).

B. <u>Personal Participation</u>.

The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).

At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the allegedly unconstitutional conduct. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984). Plaintiff must allege facts showing how an individually named defendant caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).

A § 1983 suit cannot be based on vicarious liability or *respondeat superior* alone, but must allege the defendants' own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989). A supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991), *cert. denied* 502 U.S. 1074 (1992). Defendant Masko is entitled to dismissal of the claim involving access to library materials.

Plaintiff fails to show defendant Masko played any role in the decision what legal materials to send to plaintiff in November of 2004. The motion for summary judgment should be **GRANTED** based on failure to exhaust administrative remedies and lack of personal participation. This would be **DISMISSAL WITHOUT PREJUDICE.**

The court recommends the action be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies and lack of personal participation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 11, 2008**, as noted in the caption.

DATED this 11 day of June, 2008.

                /S/ *J. Kelley Arnold*
                J. Kelley Arnold
                United States Magistrate Judge